COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IVAN RODRIGUEZ AKA JESUS NAVA, | § | No. 08-09-00029-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 283rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# F-0750471-T) |
| | § | |
| | § | |

**O P I N I O N**

Ivan Rodriguez appeals his conviction for aggravated robbery with a deadly weapon. A jury found him guilty of first degree felony for his offense, and the trial judge sentenced him to 25 years' imprisonment. Appellant challenges the conviction based on ineffective assistance of counsel. We affirm.

In March 2007, Ms. Tina Gongre heard an alarm go off and saw a red truck parked at Underground Custom Body Works, a car body shop at the intersection of Longview and Hunnicut in Dallas County, Texas ("Body Works" or "the shop"). The red truck had smashed into the shop's bay door. Appellant and another young Hispanic man rolled tire rims out of the shop and loaded them into the bed of the truck. Ms. Gongre called 911. About that same time, Mr. Victor Martinez, Body Works' owner, arrived and parked his car to block the red truck. Mr. Martinez drew his gun and ordered the young Hispanic man to his knees. Appellant, from behind and at close range, shot at Mr. Martinez. Mr. Martinez returned fire, and wounded Appellant. Law enforcement officers and an ambulance then arrived on the scene.

Appellant was charged by indictment with the offense of aggravated robbery, and he entered a plea of not guilty to the offense. At the end of the trial, the jury found Appellant guilty of the charged offense. The court then assessed punishment for Appellant at twenty-five years' confinement. Appellant filed a motion for new trial on the basis that "the verdict [was] contrary to the law and the evidence," and he also filed a notice of appeal.

In his sole issue, Appellant contends he was denied effective assistance of counsel at trial when trial counsel failed to request a lesser included offense instruction on aggravated assault. Appellant contends his attorney rendered ineffective assistance of counsel by failing to ask the court to provide a jury charge regarding a lesser included offense of aggravated assault. He argues that evidence at trial showed he was guilty only of aggravated assault, and because conviction of aggravated assault is a second degree offense, and punishment for it is lesser than the first degree offense of aggravated robbery, he should have been afforded the opportunity to be sentenced in accordance with the punishment range for a second degree offense.

We review claims of ineffective assistance of counsel under the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Allegations of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). The review of defense counsel's representation is highly deferential and

presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Id*. at 63. When the record is silent as to counsel's motivations for tactical decisions, the appellant usually cannot overcome the strong presumption that counsel's conduct is reasonable. *Id*. In most cases on direct appeal, the record is not sufficiently developed and cannot adequately demonstrate the motives behind counsel's decisions. *Id*.

Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson*, 877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson*, 877 S.W.2d at 771. The prejudice analysis need not be addressed when the appellant fails to satisfy the first prong of the analysis. *See Mallett*, 65 S.W.3d at 68.

A trial counsel has no opportunity to explain his conduct if the defendant he represents does not raise an allegation of ineffective assistance of counsel in a motion for new trial. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Without such opportunity, an appellate court should not find the trial counsel's performance deficient, unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. at 392, *quoting Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001). In this case, Appellant filed a motion for new trial, but he did not raise any allegations of ineffective assistance of counsel in the motion. Moreover, Appellant failed to point to any passage in the record, and he has not provided this Court with any authority, from which we could conclude that the actions complained of are so far outside the range of reasonable professional assistance as to be deemed

deficient without the benefit of additional evidence. Therefore, Appellant has failed to carry his burden under the first prong of the *Strickland* test on his ineffective assistance claim. *See Garcia*, 57 S.W.3d at 440-41. Accordingly, Issue One is overruled.

Having overruled Appellant's issue presented for review, we affirm the trial court's judgment.

July 21, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)